NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LLOYD GOODNOW,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1841

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01883-EGB, Senior Judge Eric G. Bruggink.

---

Decided: November 15, 2022

---

LLOYD GOODNOW, SR., Morriston, FL, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

PER CURIAM.

Lloyd Goodnow appeals a decision of the Court of Federal Claims dismissing his complaint for failure to state a claim upon which relief can be granted.  Because the Court of Federal Claims properly dismissed Mr. Goodnow's complaint, we *affirm*.

## BACKGROUND

On October 19, 2021, Mr. Goodnow filed an amended complaint against the United States for breach of contract. S. Appx. 6–13.  Mr. Goodnow alleged that a former congressman had hired his company to gain information on terrorist training camps. S. Appx. 11.  The Court of Federal Claims dismissed Mr. Goodnow's amended complaint under Rule 12(b)(6) for failure to state a claim, determining the complaint failed to sufficiently allege any of the essential elements of a contract with the United States.  Mr. Goodnow filed a motion for reconsideration, which the Court of Federal Claims denied.  Mr. Goodnow appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a decision of the Court of Federal Claims dismissing a complaint for failure to state a claim de novo. *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017).  In reviewing the dismissal, we must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Mr. Goodnow's favor.  *Id.*  An express or implied-in-fact contract with the United States requires: "(1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) 'actual authority' on the part of the government's representative to bind the government in contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (quoting *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998)).

The Court of Federal Claims did not err in dismissing Mr. Goodnow's amended complaint.   Mr. Goodnow's

amended complaint, even under a liberal construction, fails to allege the elements of a binding contract with the United States. Mr. Goodnow fails to allege that the former congressman had the authority to bind the United States in contract. Further, the amended complaint contains no details as to the essential terms of the purported agreement, including what services Mr. Goodnow would provide or how much the former congressman would pay for any services. *See Mod. Sys. Tech. Corp. v. United States*, 979 F.2d 200, 202 (Fed. Cir. 1992) ("In the absence of contractual intent or sufficiently definite terms, no contractual obligations arise."). As the Court of Federal Claims properly dismissed Mr. Goodnow's complaint for failure to state a claim, we *affirm*.[1]

## AFFIRMED

### COSTS

No costs.

---

[1] Mr. Goodnow also argues the Court of Federal Claims violated his due process rights because Mr. Goodnow did not have access to a document listing the deadline for the government to file its reply motion, causing Mr. Goodnow to file erroneous motions. Appellant's Informal Br. at 4, 6–7. Due process requires notice and a fair opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Mr. Goodnow has not shown how filing erroneous motions harmed his ability to adjudicate his claim or any harm he suffered as a result. Thus, Mr. Goodnow has not set forth a cognizable due process claim.